United States District Court
Northern District of California

1

2

3

4                            UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7     TENNILLE S.,                                Case No. 21-cv-09779-SI

8                    Plaintiff,

9          v.                                     **ORDER GRANTING IN PART AND
                                                  DENYING IN PART PLAINTIFF'S
10    KILOLO KIJAKAZI,                            MOTION FOR EAJA ATTORNEYS'
                                                  FEES**
11                   Defendant.
                                                  Re: Dkt. No. 24

12

13          Before the court is plaintiff Tennille S.'s motion for attorneys' fees under the Equal Access

14    to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).[1]  Dkt No. 24.  Having considered the papers

15    submitted, the Court hereby GRANTS IN PART and DENIES IN PART plaintiff's

16    motion.

17

18                                      **BACKGROUND**

19          On April 2, 2020, plaintiff filed a case in federal district court, appealing the denial of her

20    application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI")

21    under Title II and XVI of the Social Security Act.  *See Tennille S. v. Saul*, No. 20-cv-2447-EJD

22    (N.D. Cal. Apr. 2, 2020).  Plaintiff was appealing the December 26, 2018 unfavorable decision

23    rendered by Administrative Law Judge ("ALJ") David LaBarre.  Plaintiff filed a motion for

24    summary judgment; one week later, the parties stipulated to voluntarily remand the case to the

25    agency for a new decision.  *Id.*, Dkt. Nos. 20, 21.  The parties later stipulated to an award, which

26

27          [1] The Court partially redacts plaintiff's name to mitigate privacy concerns, as suggested by
28    the Committee on Court Administration and Case Management of the Judicial Conference of the
      United States.  *See also* Fed. R. Civ. P. 5.2(c)(2)(B).

United States District Court
Northern District of California

1    Judge Davila approved, of $10,000 in EAJA fees to plaintiff's counsel.  *Tennille S. v. Saul*, No. 20-

2    cv-2447-EJD, Dkt. Nos. 24, 25, 26.

3         The new ALJ hearing took place on October 19, 2021.  AR 2549.[2]  On November 15, 2021,

4    the ALJ rendered an unfavorable decision.  AR 2546.  Plaintiff again sought review in federal district

5    court, and the case was assigned to the undersigned.  *See* Dkt. No. 1.  Plaintiff moved for summary

6    judgment, seeking reversal of the final decision made by the Commissioner of Social Security

7    ("Commissioner").  *See* Dkt. No. 12.  The Commissioner filed a cross-motion for summary

8    judgment, and plaintiff filed a reply brief.  *See* Dkt. Nos. 15, 18.  On January 6, 2023, the Court

9    granted plaintiff's motion, denied defendant's cross-motion, and remanded this action for immediate

10   payment of benefits, pursuant to sentence four of 42 U.S.C. § 405(g).  *See* Dkt. No. 21.

11        On April 5, 2023, plaintiff timely filed the current application for attorneys' fees under the

12   EAJA, 28 U.S.C. § 2412(d)(1)(A), on the ground that the position of the Commissioner in this action

13   was not substantially justified.  *See* Dkt. No. 24.  She requests an award of $18,561.05 in attorneys'

14   fees and $0 in costs.  *Id.* at 1.  The Commissioner filed an opposition, agreeing that plaintiff is

15   entitled to attorneys' fees under the EAJA but arguing that the Court should make a 50% reduction

16   of the requested award because the billed hours are excessive, redundant, or otherwise unnecessary.

17   Dkt. No. 29 at 2.  Plaintiff then filed reply in support of her fee motion as well as a proposed order.

18   Dkt. Nos. 30, 31.

19

20                                    **LEGAL STANDARD**

21        Under section 2412(d) of the EAJA, reasonable attorneys' fees and costs may be awarded to

22   the prevailing party in a civil action against the United States, including a proceeding for judicial

23   review of an agency action.  *See* 28 U.S.C. § 2412(d).  The plaintiff is entitled to attorneys' fees and

24   costs unless the Court finds that the position of the United States was substantially justified.  *See id.*

25   The Supreme Court has defined "substantially justified" as "justified in substance or in the main –

26   that is, justified to a degree that could satisfy a reasonable person," or having a "reasonable basis

27   _____

28        [2] Unless otherwise specified, references to the administrative record and to the docket are to
the record and docket in this case, *Tennille S. v. Kijakazi*, No. 21-cv-9779-SI.

1    both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  The language of the EAJA

2    creates a presumption in favor of awarding attorneys' fees, and therefore the burden of establishing

3    substantial justification is placed with the government.  *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258

4    (9th Cir. 2001); *United States v. 313.34 Acres of Land, More or Less, Situated in Jefferson County,*

5    *State of Wash.*, 897 F.2d 1473, 1477 (9th Cir. 1989).

6            An award of attorneys' fees under the EAJA should include only the hours "reasonably

7    expended on the litigation."  *Sorensen v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting

8    *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  A district court may reduce the award if time

9    spent on the appeal obtained only limited results.  *See Atkins v. Apfel*, 154 F.3d 986, 990 (9th Cir.

10   1998) (finding that the district court abused its discretion in failing to consider the results obtained).

11   However, a plaintiff who has achieved success should normally recover a full fee, even if the court

12   rejected some of the claims raised in the lawsuit.  *Sorensen*, 239 F.3d at 1147.  EAJA fees for a

13   successful action may also include the reasonable costs of litigating the fee award.  *Commissioner,*

14   *Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 166 (1990).

15

16                                              **DISCUSSION**

17           The Commissioner does not claim that the government's position was substantially

18   justified or dispute that plaintiff is entitled to an award as a prevailing party under 28 U.S.C.

19   § 2412(d)(1)(A).  The only dispute between the parties is whether the number of hours expended on

20   the appeal was reasonable.  For the reasons discussed below, the Court finds that the hours billed on

21   the motion for summary judgment are not reasonable, but the Court will not alter the remainder of

22   the fee request.

23

24   **I.      Hours Expended on Motion for Summary Judgment**

25           The Commissioner argues the hours plaintiff's counsel billed on the motion for summary

26   judgment are excessive because plaintiff's counsel was already familiar with this case as "these

27   were legal arguments that she responds to on a regular basis and had done so previously in this

28   case."  Dkt. No. 29 at 3.  Specifically, the Commissioner argues that plaintiff's same counsel

United States District Court
Northern District of California

1    represented plaintiff in challenging the previous 2018 ALJ decision, and that the motion for

2    summary judgment filed there was "remarkably similar in content and form to the motion for

3    summary judgment filed in this case." *Id.* at 4.  The Commissioner states that the first thirteen pages

4    of both motions are "practically word for word the same" and the language and form in the

5    remaining sections are highly similar.  *Id.*  Therefore, the Commissioner requests a 50% reduction

6    ($4,493.42) of the amount billed for plaintiff's motion for summary judgment.

7            In her reply, plaintiff argues that her counsel's familiarity with the law does not substantially

8    speed the process of making fact-based arguments because the facts are all unique to this case.  Dkt.

9    No. 30 at 2.  Plaintiff further argues that the Commissioner overstates the similarities between the

10   briefs in the two cases, that most of the time spent on the second summary judgment motion was on

11   the argument section, and that she made more robust and thorough arguments in the second motion.

12   *Id.* at 3.  Plaintiff further contends that this is not a simple case because it involves thirteen years of

13   evidence and numerous medical opinions.  *Id.* at 1.  She states the hours billed were reasonable

14   because the ALJ mischaracterized many of plaintiff's statements and the ALJ decision had many

15   errors that "necessitated review and comparison to the record, as well as argument concerning each

16   of the many inaccuracies." *Id.* at 2.

17           The Court has examined the summary judgment briefs side by side and finds that the motion

18   for summary judgment in this case is substantially similar to the one she submitted in the preceding

19   case, and that a reduction of 50% of the fees requested for the motion for summary judgment is

20   therefore reasonable.  The briefs are nearly identical in most respects, from their headings, to their

21   citations to the administrative record, to the errors alleged in the ALJ decision.  The Court recognizes

22   that "the vicissitudes of the litigation process" will require lawyers to duplicate tasks.  *See Costa v.*

23   *Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132 (9th Cir. 2012) (quoting *Moreno v. City of Sacramento*,

24   534 F.3d 1106 (9th Cir. 2008)).  However, the duplicative work on the summary judgment motion

25   is too substantial to justify the 28.25 hours that plaintiff billed.[3]  *See* Dkt. No. 24-1, Juneau Decl. at

26

27           [3] *See* Dkt. No. 24, Ex. 1 (Entries 5/9/22, 5/12/22, 5/16/22, 5/18/22-5/21/22, 5/24/22).  This
     number is different from the one calculated by the Commissioner because the Court does not include
28   in its analysis the 9.5 hours plaintiff's counsel spent reviewing the Administrative Record and
     writing the request for Voluntary Remand.

1   1-2. The Court agrees with the Commissioner that such hours are excessive for what was essentially

2   an update of an already-drafted brief.

3        Accordingly, taking the EAJA statutory rate adjusted for cost of living ($234.95), and

4   reducing plaintiff's work on the summary judgment motion by half, plaintiff shall receive $3,318.67

5   (28.25 hrs. × $234.95 × 0.5 = $3,318.67) for the work performed on the motion for summary

6   judgment.

7

8   **II.        Remaining Hours Requested**

9        The Commissioner also argues that the remaining hours requested should be reduced for

10  several reasons.  The Commissioner states plaintiff's counsel inefficiently worked on the reply brief

11  over a period of many weeks and that the arguments in the reply should not have required a lot of

12  additional time to draft or research.  Dkt. No. 29 at 4.  The Commissioner notes that the reply is only

13  10 pages long but that plaintiff's counsel spent more time on the reply than she spent on the 26-page

14  motion for summary judgment.  *Id.*  The Commissioner further contends that the reply is "simply

15  derivative and/or rehashed general arguments from Plaintiff's Motion for Summary Judgment[.]"

16  *Id.*  Considering that plaintiff's counsel was already familiar with the content of the brief, the

17  Commissioner requests a 50% reduction ($4,669.63) from the amount billed for the reply.  *Id.*

18       Plaintiff's counsel responds that the reply was the first reply that she had ever written and

19  that "in drafting the reply [she] was tasked with responding to all six of Defendant's arguments."

20  Dkt. No. 30 at 2.  She contends that the hours billed are not excessive just because the page length

21  was shorter than the motion for summary judgment.  *Id.* at 3.  Plaintiff also emphasizes that the

22  Commissioner has failed to "come up with specific reasons for reducing the fee request."  *Id.*

23  (quoting *Moreno*, 534 F.3d at 1116).

24       The Court finds that the remaining hours that plaintiff's counsel billed are reasonable.

25  Setting aside the hours billed on the summary judgment motion, the Court finds no other reason not

26  to "give deference to the winning lawyer's professional judgment[.]"  *See Costa*, 690 F.3d at 1136

27  (citing *Moreno*, 534 F.3d at 1112).  Plaintiff's counsel has satisfactorily explained why the

28  complications of this case necessitated the time spent on the reply brief and other tasks.  The "burden

United States District Court
Northern District of California

1    of producing a sufficiently cogent explanation" for why a fee request is excessive

2    "can mostly be placed on the shoulders of the losing parties." *Moreno*, 534 F.3d at 1116.  Here, the

3    Commissioner's arguments do not sufficiently show why the hours spent on the reply brief are

4    excessive.   By questioning plaintiff's counsel's time management on writing the reply, the

5    Commissioner provides no more specific explanation to cut the number of hours by 50%.  Therefore,

6    the Court declines to reduce the fees requested for writing the reply.  *See Costa*, 690 F.3d at 1136.

7

8                                          **CONCLUSION**

9            For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART plaintiff's

10   motion for attorneys' fees.  Dkt. No. 24.  The Court adopts, as modified, the language plaintiff

11   submitted in her proposed order, as stated below.  *See* Dkt. No. 31.

12           It is hereby Ordered by the Court that Plaintiff will be awarded attorney fees in the amount

13   of **$15,242.38** under the EAJA, 28 U.S.C. § 2412(d)(1)(A), and zero dollars ($00.00) in costs under

14   Taxation of Costs, 28 U.S.C. § 1920.  This amount represents compensation for all legal services

15   rendered on behalf of plaintiff by counsel in connection with this civil action, in accordance with 28

16   U.S.C. §§ 2412(d)(1)(A), 1920.

17           After the Court issues this order for EAJA fees to plaintiff, the Government will consider

18   any assignment of EAJA fees to plaintiff's counsel, Bay Area Legal Aid.  Pursuant to *Astrue v.*

19   *Ratliff*, 130 S. Ct. 2521, 2252-53 (2010), the ability to honor any such assignment will depend on

20   whether the fees are subject to any offset allowed under the United States Department of the

21   Treasury's Offset Program.  After the order for EAJA fees is entered, the Government will determine

22   whether they are subject to any offset.

23           Fees shall be made payable to plaintiff, but if the Department of the Treasury determines

24   that plaintiff does not owe a federal debt, then the <u>government shall cause the payment of fees to be</u>

25   <u>made directly to Bay Area Legal Aid, Tax ID# 94-1631316</u>, pursuant to any assignment executed

26   by plaintiff.  Any payments made shall be delivered to plaintiff's counsel, Bay Area Legal Aid, 1735

27   Telegraph Ave., Oakland, CA 94612.

28           This award is without prejudice to the rights of plaintiff's counsel to seek Social Security

United States District Court
Northern District of California

Act attorneys' fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA, although Bay Area Legal Aid has waived their right to claim any fees under 42 U.S.C. § 406(b).

**IT IS SO ORDERED**.

Dated: July 5, 2023

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

7